## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABP PROPERTIES LLC, and<br>360 DEVELOPMENT, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EMCASCO INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No. 5:25-cv-01542-SLP<br>)<br>)<br>)<br>)<br>) |

## <u>AMENDED COMPLAINT</u>

**COME NOW** the Plaintiffs, ABP Properties LLC (hereinafter "ABP") and 360 Development, LLC, and for their causes of action against Defendant, EMCASCO Insurance Company (hereinafter referred to as "EMC" and/or "Defendant"), hereby allege and state as follows:

## <u>STATEMENT OF FACTS</u>

1. Plaintiff ABP is an entity organized under the laws of Oklahoma with its principal place of business in Oklahoma County, Oklahoma. Plaintiff ABP has an insurable interest in the property located at 13900 Wireless Way, Oklahoma City, Oklahoma 73134.

2. Plaintiff 360 Development, LLC is an entity organized under the laws of Oklahoma with its principal place of business in Oklahoma. Plaintiff 360 Development, LLC is comprised of a single member, Andrew B. Parkinson, who is a citizen of the State of Oklahoma and who is domiciled in the State of Oklahoma with the intent to remain indefinitely. 360 Development, LLC has an insurable interest in the property

located at 14000 Parkway Commons Drive, Oklahoma City, Oklahoma 73134 (collectively, the "Properties" or "Covered Properties").

3. Defendant is a foreign insurance company incorporated under the laws of the state of Iowa, doing business in the State of Oklahoma. It is registered to engage in the business of insurance in the State of Oklahoma, and it may be served with process through the Oklahoma Insurance Department located at 400 NE 50th St., Oklahoma City, OK 73105.

4. Plaintiffs entered into a contract for insurance with Defendant to provide coverage for their Properties. Defendant originally issued the commercial policy of insurance, Policy No. 6A0-63-39 (hereinafter the "Policy") on June 26, 2019, with subsequent renewals to the Plaintiffs. More specifically, the Policy at issue herein was in effect from November 15, 2022 through June 26, 2023 (hereinafter the "Policy Period"). [Doc. 1-1, Pet. – Part 1 at pp. 11 – 111].

5. The Policy provides, *inter alia*, in pertinent part as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**A. COVERAGE**

"We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

**1. Covered Property**

"Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1…."

a. **Building**, meaning the building or structure described in the Declarations…."

\*\*\*

**2. Covered Causes Of Loss**
   "See applicable Causes Of Loss form as shown in the Declarations."

**CAUSES OF LOSS – SPECIAL FORM**

**A.** "When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy."

\*\*\*

**G. Definitions**

\*\*\*

**2**. "'Specified causes of loss' means the following: …; windstorm or hail; … water damage."

### COMMERCIAL PROPERTY CONDITIONS

\*\*\*

**D. LEGAL ACTION AGAINST US**
   "No one may bring a legal action against us under this Coverage Part unless:

\*\*\*

**2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

[Doc. 1-1, Pet. – Part 1 at pp. 11 – 111].

6. During the Policy Period, the Covered Properties were severely damaged as a direct result of a Covered Cause of Loss.

7. Specifically, on or about April 19, 2023, Plaintiffs' Covered Properties were severely damaged by a windstorm or hail event.

3

8.    On or about December 10, 2023, Hardworking Roofing & Construction ("HWR&C") prepared a Commercial Roof Inspection report, which included photos taken on November 22, 2023.  The report noted "immediate deficiencies".

9.    On or about December 29, 2023, HWR&C prepared a Commercial Roof Inspection report which included the November 22, 2023, photos.  The report noted "signs of hail impacts".

10.   Plaintiffs timely and properly submitted a claim to Defendant for the direct physical loss of or damage to Covered Properties incurred due to a Covered Cause of Loss occurring during the Policy Period and provided Defendant with HWR&C's Commercial Roof Inspection Report.

11.   On or about September 12, 2024, Signature Adjustment Group ("SAG"), at the request and direction of Defendant, inspected the Covered Properties.

12.   On September 12, 2024, Defendant sent Plaintiffs its *Notice in reservation of rights* letter, which stated: "EMCASCO Insurance Company affords coverage under a Building and Personal Property Coverage Form CP0010 (10/12) with Causes of Loss – Special Form CP1030 (09/17), and endorsement CP1036 Limitation On Coverage for Roof Surfacing, policy number 6A0-63-39, with <u>effective dates 11/15/2022 through 06/26/2023</u>."  Defendant assigned a date of loss of April 19, 2023, and assigned a claim number of Z01855877.

13.   On or about October 17, 2024, Nelson Forensics, LLC, at the request of EMC, performed an investigation of Covered Properties.  Nelson Forensics submitted its Engineer Report to EMC on October 30, 2024.

4

14. On or about December 16, 2024, HVACi, at the request of EMC, prepared an Assessment Report for Covered Property 14000 Parkway Commons Drive finding "10 of 13 Systems Damaged" recommending "Repair 1 System, Replace 9 Systems", Cause of Loss: "Hail".

15. On or about January 15, 2025, SAG, at the request of EMC, prepared an Estimate for "Loc 3, Bldg 1" (14000 Parkway Commons Drive) determining the replacement cost value of the roof was **$539,294.97**. After deduction for depreciation, the actual cash value total was **$400,649.29**. *See* [Doc. 1-1, Pet. – Part 1 at pp. 113 – 122].

16. On or about February 3, 2025, HWR&C submitted a Revised Estimate to Defendant for 14000 Parkway Commons Drive determining the replacement cost value of the roof and HVAC units consistent with the HVACi findings was **$692,255.01**. *See* [Doc. 1-2, Pet. – Part 2 at pp. 2 – 12].

17. On or about February 14, 2025, EMC prepared an Estimate for only "Loc 3, Bldg 1" (14000 Parkway Commons Drive) determining the replacement cost value of the roof and some copper work was **$518,287.39** and after deduction for the deductible and recoverable depreciation the actual cash value total was **$477,358.08**. *See* [Doc. 1-2, Pet. – Part 2 at pp. 14 – 23].

18. On or about February 24, 2025, HWR&C submitted a Revised Estimate to Defendant for 13900 Wireless Way determining the replacement cost value of the roof was **$207,122.90**. *See* [Doc. 1-2, Pet. – Part 2 at pp. 25 – 66].

19. On March 13, 2025, EMC sent a coverage determination letter to Plaintiffs claiming, *inter alia*, there is no coverage for "roof and interior damages" at 13900 Wireless

5

Way because the damage "was caused by hail event that occurred prior to the start of our policy coverage". EMC also sent a claim payment of **$445,503.27** for damage to 14000 Parkway Commons Drive.  *See* [Doc. 1-2, Pet. – Part 2 at pp. 68 – 74].

20. Defendant wrongfully denied coverage and payment for damages to 13900 Wireless Way, and Defendant wrongfully underpaid the cost of damages for 14000 Parkway Commons Drive.

21. Defendant represented to Plaintiffs it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

**FIRST CAUSE OF ACTION:**
**<u>BREACH OF CONTRACT</u>**

22. Plaintiffs adopt and incorporate by reference all allegations set forth above as if fully plead herein, and for further claims against the Defendant alleges as follows:

23. Plaintiffs entered into a contract for insurance with Defendant to provide coverage for the Properties, business loss or interruption, and business personal property.

24. At all times material hereto, the Policy, Policy No. 6A06339, was in full force and effect.

25. Plaintiffs provided timely and proper notice of their claim for all covered damages resulting from the Covered Cause of Loss during the Policy Period.

26. Plaintiffs have complied with the terms, conditions precedent, and conditions subsequent under the Policy.

27. As to the Covered Cause of Loss that underlies Plaintiffs' claim, Defendant retained Signature Adjustment Group, LLC to investigate Plaintiffs' claim, and SAG in turn hired Nelson Forensics and HVACi to inspect Plaintiffs' Properties.

28. Defendant accepted SAG's and Nelson Forensics' findings even though it knew or should have known they were inconsistent and/or contrary to the Policy issued by Defendant to Plaintiffs.

29. Defendant rejected HVACi's findings even though it knew or should have known that doing so was inconsistent and/or contrary to the Policy issued by Defendant to Plaintiffs.

30. Based on an improper investigation and inspection of the loss by Defendant and/or Defendant's representatives, Defendant wrongfully concluded there was no coverage for "roof and interior damages" at 13900 Wireless Way because the damage "was caused by hail event that occurred prior to the start of our policy coverage" while undervaluing the covered damages across the street at 14000 Parkway Commons Drive.

31. As a result, the Defendant has failed to timely and properly pay for direct physical loss of or damage to Covered Property under the Policy.

32. By failing to fully indemnify Plaintiffs for damages covered by the Policy and by failing to pay Plaintiffs all benefits owed, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiffs.

33. Defendant's conduct is the proximate cause of Plaintiffs' damages.

34.   As a result of the Defendant's breach of contract, Plaintiffs have sustained financial losses.

35.   Pursuant to 12 O.S. § 3629(B), Plaintiffs are entitled to attorneys' fees, costs and statutory interest at the rate of 15% per annum.

36.   As a result of Defendant's breach of contract and other wrongful conduct, Plaintiffs have been damaged in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs and interest.

**SECOND CAUSE OF ACTION:**
**FAILURE TO ACT IN GOOD FAITH & WITH FAIR DEALING**

37.   Plaintiffs adopt and incorporate by reference all allegations set forth above as if fully plead herein, and for further claims against the Defendant alleges as follows:

38.   Defendant owes a duty to Plaintiffs to deal fairly and act in good faith.

39.   Defendant breached the duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate, and/or pay Plaintiffs' claim.

40.   Defendant's obligations to Plaintiffs arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

41.   Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with Plaintiffs and constitutes bad faith.

42.   Despite Defendant and/or Defendant's representatives identifying covered damages, including hail-impact related damages to roofs, HVAC units and appurtenances, Defendant failed to pay for all of the direct physical loss of or damage to Plaintiffs' Covered Properties.

43. Defendant's denial of Plaintiffs' claim is based in whole or in part on an improper determination that Covered Damages occurred outside the Policy Period on an unspecified date.

44. Defendant's misrepresentations of the terms of the Policy constitute a violation of Defendant's obligation to treat Plaintiffs in good faith and fairly under Oklahoma law.

45. Defendant owes for all direct physical loss of or damage to Covered Property resulting from a Covered Cause of Loss not otherwise limited or excluded by the express terms of the Policy.

46. Defendant ignored direct physical loss of or damage to Covered Property under the Policy for Defendant's own financial gain.

47. As a direct and proximate result of Defendant's failure to deal fairly and in good faith, Plaintiffs' claim was unnecessarily delayed; inadequately investigated by incompetent, unqualified, and biased individuals; and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, to the damage and detriment of Plaintiffs.

48. As a result of Defendant's conduct, Plaintiffs have sustained financial losses and has been damaged in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs and interest.

49. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

50. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

51. Plaintiffs further allege Defendant benefited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to Plaintiffs.

### **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, the Plaintiffs pray for judgment against Defendant as follows:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy resulting from the Covered Cause of Loss during the Policy Period, together with interest on all amounts due;

b. Payment of all consequential damages resulting from EMC's breach of contract;

c. Disgorgement of the increased financial benefits derived by EMC as a direct result of EMC's wrongful or intentional, willful, malicious and/or reckless conduct;

d. Payment of damages resulting from EMC's failure to treat Plaintiffs in good faith and with fair dealing;

e. Entry of a punitive damages award against EMC; and

f. Pre-judgment and post-judgment interest, costs, attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

*/s/ Micah B. Cartwright*
J. Drew Houghton, OBA #18080
Micah B. Cartwright, OBA #32745
**MERLIN LAW GROUP, PLLC**
One Leadership Square
211 N. Robinson Ave., Suite 210
Oklahoma City, Oklahoma 73102
Telephone: (405) 218-1105
Facsimile: (405) 218-1106
Email: dhoughton@merlinlawgroup.com
Email: mcartwright@merlinlawgroup.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

This is to certify that on February 23, 2026, a true and correct copy of the foregoing document was transmitted via electronic mail upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

Phil R. Richards, Esq.        phil.richards@mcafeetaft.com

*/s/ Micah B. Cartwright*
Micah B. Cartwright

11